# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

PAMELA ANN CROW,                )
                                )
          Plaintiff,            )
                                )
v.                              )   Case No. CIV-14-394-RAW-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
          Defendant.            )

## REPORT AND RECOMMENDATION

Plaintiff Pamela Ann Crow (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on March 18, 1962 and was 51 years old at the time of the ALJ's decision. Claimant obtained her GED and an associate nursing degree. Claimant has worked in the past as a nurse. Claimant alleges an inability to work beginning July 31, 2011 due to limitations resulting from osteoarthritis, chronic back

pain syndrome, depression, anxiety, and muscle spasms.

## Procedural History

On October 11, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Doug Gabbard, II ("ALJ") on May 8, 2013 in McAlester, Oklahoma. The ALJ issued an unfavorable decision on June 7, 2013. On July 25, 2014, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform a full range of light work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to recognize fibromyalgia as a severe impairment; (2) failing to properly weigh the opinion of Claimant's treating physician while

4

giving "great weight" to the consulting and non-examining physicians; and (3) improperly evaluating Claimant's pain and credibility.

**Step Two Analysis**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease of the back, osteoarthritis, and chronic pain syndrome. (Tr. 13). He concluded that Claimant retained the RFC to perform a full range of light work. (Tr. 15). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of office nurse and companion. (Tr. 22-23). Based upon these findings, the ALJ concluded Claimant was not disabled from July 31, 2011 through the date of the decision. (Tr. 23).

Claimant contends the ALJ should have found her fibromyalgia condition as a severe impairment. Where an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. Brescia v. Astrue, 287 F. App'x 626, 628–629 (10th Cir. 2008). The failure to find that additional

5

impairments are also severe is not cause for reversal so long as the ALJ, in determining Claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'" Id. quoting Hill v. Astrue, 289 F. App'x. 289, 291-292, (10th Cir. 2008).

Moreover, the burden of showing a severe impairment is "de minimis," yet "the mere presence of a condition is not sufficient to make a step-two [severity] showing." Flaherty v. Astrue, 515 F.3d 1067, 1070-71 (10th Cir. 2007) quoting Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003); Soc. Sec. R. 85-28. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988). This Court would note that the ALJ found "chronic pain syndrome" as

a severe impairment.  Claimant does not indicate how the addition of fibromyalgia as a severe impairment would have resulted in additional functional limitations.

**Consideration of the Treating Physician's Opinion**

Claimant also contends that the ALJ erred in giving "great weight" to the opinions of the various non-examining consultative physicians and rejecting the opinion of Claimant's treating physician.  On April 27, 2013, Dr. Peggy Dubois authored a Medical Source Statement on Claimant.  She determined Claimant could occasionally lift 2-5 pounds but carry no weight.  Dr. Dubois also found Claimant could sit for 30 minutes, stand for 10 minutes, and walk 25 yards at one time without interruption.  She also estimated Claimant could sit for 3 hours, stand for one hour, and walk for 30 minutes total in an 8 hour workday.  Dr. Dubois states Claimant is "[u]nable to work due to severe pain."  She indicated Claimant could never push/pull and never operate foot controls.  She further found Claimant could never climb stairs and ramps, climb ladders and scaffolds, balance, kneel, crouch, or crawl and could only "rarely" stoop.  In environmental limitations, Dr. Dubois determined Claimant could never tolerate unprotected heights, moving mechanical parts, extreme cold, extreme heat, or vibrations. She could occasionally tolerate operating a motor vehicle, humidity

7

and wetness, and dust, odors, fumes and pulmonary irritants. Dr. Dubois found Claimant could not walk a block at a reasonable pace on rough or uneven surfaces, use standard public transportation, climb a few steps at a reasonable pace with the use of a single hand rail, or sort, handle, or use paper/files. She also indicated Claimant was "severely depressed, has anxiety & insomnia." She estimated Claimant's limitations began July 15, 2011 and found they would last 12 consecutive months. (Tr. 302-07).

The ALJ determined Dr. Dubois' opinion was entitled to "virtually no weight." He found the limitations found by Dr. Dubois in the Medical Source Statement were not supported by Claimant's testimony or by Dr. Dubois' treatment records. (Tr. 20-21).

Dr. Dubois consistently found Claimant suffered from chronic pain, noting she was positive for back pain, limb pain (left upper extremity pain; bilateral leg pain; left hand numbness), and swelling to both ankles. Claimant was prescribed Percocet, Soma, and Neurontin for pain. (Tr. 207). Claimant's pain was described as "moderate." She experienced range of motion decreased with side flexion of the neck and decreased range of motion in the back flexion and lateral flexion. (Tr. 208-09).

However, the medical record does not appear to support the

8

extent of restriction urged by Dr. Dubois and inconsistencies within her report and treatment records discount the reliability of the Medical Source Statement. As the ALJ indicates, Dr. Dubois found Claimant suffered from severe depression and anxiety but did not treat Claimant for the condition nor include any restrictions for these conditions in her Statement. (Tr. 307). Indeed, at one point, Dr. Dubois stated Claimant's mental condition did not impose more than minimal limitations. (Tr. 244). Moreover, despite Dr. Dubois' environmental restrictions in the Statement, Claimant testified she did not need such restrictions. (Tr. 44-45).

The reports of the non-examining physicians Dr. Linda O'Neil (Tr. 245-59), Dr. Janet Rogers (Tr. 260-67), Dr. Sally Varghese (Tr. 276), and Dr. Donald Baldwin (Tr. 277) all supported less restrictive functional findings. While these opinions are entitled to less weight than the opinion of the treating physician, the total inconsistency in the record and these reports with Dr. Dubois' opinion cannot be ignored.

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both:

9

(1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th

Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted). The ALJ properly analyzed the opinion of Dr. Dubois utilizing the Watkins factors and documented the factual basis for the reduced weight he gave to the opinion.

**Evaluation of Claimant's Credibility**

The ALJ concluded Claimant's statements of pain and functional restrictions were not supported by the medical record. He cited to the treatment record and the level of Claimant's activities as required by the prevailing case authority. (Tr. 16-17).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location,

11

duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. The ALJ has sufficiently tied his credibility findings to the medical record such that they are well-supported. No error is attributed to this allegation.

**Conclusion**

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**.

The parties are herewith given fourteen (14) days from the

date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 11th day of May, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE